LAW OFFICES OF ANTHONY J. POIDMORE
A Professional Law Corporation
Anthony J. Poidmore (SBN 51346)
3001 Lava Ridge Court, Suite 130
Roseville, CA 95661
Telephone No.: 916-787-1290
FAX No.:       916-787-1293

Attorney for Plaintiff Susan Wallace

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN WALLACE, <br><br> Plaintiff, <br><br> v. <br><br> NEVADA COUNTY, THE NEVADA COUNTY SHERIFF'S DEPARTMENT, SHERIFF KEITH ROYAL, CAPTAIN RON SMITH, LT. RON EARLES. <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR DAMAGES <br><br> JURY TRIAL DEMANDED |

COMES NOW Plaintiff, SUSAN WALLACE, and complains against Defendants, NEVADA

COUNTY, THE NEVADA COUNTY SHERIFF'S DEPARTMENT, SHERIFF KEITH  ROYAL,

CAPTAIN RON SMITH, LT. RON EARLES, and alleges as follows:

## JURISDICTION

1.      Plaintiff brings action based upon the constitution of the United States, First

Amendment and federal statutes including 42 U.S.C. 1983.  This court has jurisdiction pursuant to

28 U.S.C.A. 1351, 1343 and 1367 (a).

2.      This action is properly filed in the United States District Court for the Eastern District

of California  because defendants reside within this judicial district and Plaintiff's claim arose in this

judicial district.

3.      Plaintiff, SUSAN WALLACE, is a resident of Nevada County ("COUNTY") and at

**COMPLAINT FOR DAMAGES**

*LAW OFFICES OF*
**ANTHONY J. POIDMORE**
A PROFESSIONAL LAW CORPORATION
3001 Lava Ridge Court, Suite 130
Roseville, California 95661

all times herein relevant and for a period of approximately five (5) years prior to July 20, 2007, worked as a volunteer at the Nevada County Animal Control Facility.

4.    Defendant NEVADA COUNTY is a government entity organized and existing under the laws of the State of California.

5.    The Nevada County Animal Control Facility is operated under the jurisdiction of THE NEVADA COUNTY SHERIFF'S DEPARTMENT and, at all times herein relevant, defendant KEITH ROYAL was the Sheriff of Nevada County.  Plaintiff sues defendant ROYAL in his individual capacity.  ROYAL is a resident of the Eastern District.

6.    At all times herein relevant, Defendant, RON EARLES was a lieutenant within THE NEVADA COUNTY SHERIFF'S DEPARTMENT and acted as the manager of the Nevada County Animal Control Facility.  In that position, EARLES was the supervisor/manager of Plaintiff WALLACE. Plaintiff sues defendant EARLES in his individual capacity. EARLES is a resident of the Eastern District.

7.    Defendant RON SMITH was a Captain within the NEVADA COUNTY SHERIFF'S DEPARTMENT and was the direct supervisor of Defendant EARLES.  As such, he was Plaintiff WALLACE's immediate supervisor.  Plaintiff sues defendant SMITH L in his individual capacity.  SMITH is a resident of the Eastern District.

**FIRST CAUSE OF ACTION**

**(Violation of 42 U.S.C. § 1983 as to Defendants Royal, Smith and Earles)**

8.    Plaintiff refers to the allegations of paragraphs 1 through 7 above and incorporates the same as though fully set forth herein.

9.    Defendants ROYAL, SMITH and EARLES are sued herein in their individual capacity and, at all times mentioned in this complaint were acting under color of state law.

10.    Defendants, and each of them, as a public animal control shelter and public officers and employees, were subject to certain ethical and legal requirements in the handling of their duties including, but not limited to the following:

(a)    To provide the animals with necessary and prompt veterinary care, nutrition, and shelter and to treat them kindly and humanely;

(b)     That no adoptable animal should be euthanized if it can be adopted into a suitable home and no treatable animal shall be euthanizeed;

(c)     That an animal shall be released to a non-profit animal rescue or adoption organization if requested by the organization prior to any scheduled killing of the animal;

(d)     That all dogs must be spayed/neutered prior to release;

(e)     That written records be kept for three years regarding all impounded animals;

(f)     That all monies entrusted to the agency for a specified purpose should be utilized for that purpose and no other;

(g)     That as a public entity and public officers and employees, defendants shall not engage in conduct constituting a waste of taxpayer funds and/or gifts of public funds; and

(h)     The matters set forth in this paragraph are matters of great public concern and public policy  as set forth in the statutes, laws, ordinances, and Resolutions of the State of California and of Nevada County including, but not limited to, the following: California Civil Code §§1834, 1834.4, 1846; California Food & Agricultural Code §§17005, 30500, 31108, 32003, and Penal Code §§597.1 and 599d; Nevada County Ordinance 2190 and Resolution of the Nevada County Board of Supervisors Resolution No. 04-524.

11.     On numerous occasions between March 12, 2008, and July 18, 2008, Plaintiff spoke out by complaining to management and others at Animal Shelter regarding matters of public concern and perceived violations of law and public policy in pointing out: that animals (dogs) which had been asked for by rescue organizations or for which homes had been found were not turned over to the rescue organization or to the homes but, instead, were killed in violation of law; that the shelter was failing to spay/neuter dogs prior to release from the shelter; that the shelter was euthanizing adoptable and/or treatable animals; that the shelter was not providing animals with necessary and prompt veterinary  care, nutrition and shelter nor were the animals treated kindly and humanely; that the shelter staff was collecting money for the animals' medicine and treatment and then not using the

money for the animals; that the County was paying staff for doing work that was not being done constituting a waste of taxpayer funds and gifts of public funds and resulting in mistreatment of the animals; that money received from a specific estate and given to the County for the express use of spaying and neutering animals was being used not for the expressed purpose for which it was given; and that, in general, the animals were not being treated in conformity with public policy and the law.

12.    Plaintiff's last statement on these subjects occurred on July 18, 2007, in the presence of Defendant EARLES at which time Plaintiff openly impliedly questioned the propriety and legality of the planned euthanization of one of the kennel dogs and, on July 20, 2007, Plaintiff's position as a volunteer at The Nevada County Animal Shelter was terminated by Defendants ROYAL and SMITH.

13.    The wrongful conduct of Defendants, as herein alleged, was done with the intent of depriving Plaintiff of her Constitutional Right to Free Speech protected by the First Amendment of the U.S. Constitution and to chill Plaintiff's Right of Freedom of Speech in talking about and disclosing the wrongdoing of Defendants, to intimidate and coerce Plaintiff and, by example, other volunteers, into not speaking out further on the subject and to discredit Plaintiff and destroy her credibility in the event that she does speak out further on this subject.

14.    Defendants' intent is further evidenced by the fact that Defendants expressed to the volunteers a policy that in order to work as a volunteer at the Animal Shelter, the volunteers were required to surrender certain of their First Amendment Rights insofar as they were not to speak to the media or answer any questions from the media regarding shelter operations.

15.    Plaintiff was particularly susceptible to damage arising out of the deprivation of her opportunities to work at the animal shelter and to help save animals.  This peculiar susceptibility to damage arises out of the following facts: (a) in or about 2005, Plaintiff was the victim of a particularly violent and heinous knife attack in an attempt to murder her in which her throat was slashed and she suffered multiple stab wounds and was left for dead; (b) Plaintiff was passionate about her love for animals and her attempts to assure that they were properly cared for, treated humanely, and placed into suitable homes for adoption to avoid euthanasia.  As a result of this passion, Plaintiff had been a volunteer at the Nevada County Animal Shelter since approximately

2002 and had donated approximately five thousand to ten thousand dollars per year worth of supplies to the shelter for the benefit of animals.  (c) due to the injuries Plaintiff suffered in the knife attack and attempted murder, she was unable to work at the shelter until on or about November of 2006. At that time she was able to return on a limited basis but did as much as she was able inasmuch as this work was greatly therapeutic to her emotional well-being which had been severely injured and damaged in the attempted murder.

16.    Because of the great notoriety and exposure that the attempted murder of Plaintiff received in the local media, because of the relatively small size of the Nevada County Community, and because Plaintiff had been a volunteer at the shelter for several years prior to the attack, Defendants were well aware of the brutal attack on Plaintiff, the great damage not only physically but also emotionally resulting from that attack, were aware of Plaintiff's passion for animals and her work at the shelter and were aware that that work would be therapeutic to help heal Plaintiff's emotional injuries.

17.    In light of Defendants' awareness of Plaintiff's particular susceptibility to injury to her health and  well-being which would occur as a result of depriving her of her ability to work at the shelter with the animals, Defendants' retaliatory action taken against Plaintiff for the exercise of her First Amendment Rights of Free Speech and to prevent her from speaking out further was outrageous conduct on Defendants' part and was done with a reckless and callous disregard of Plaintiff's rights.

18    As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has been damaged by a loss of reputation, good will and standing in the community and has suffered and will suffer severe emotional and mental distress, mental anguish and suffering and anxiety in an amount to be determined according to proof.

19.    The acts of the individual named Defendants, and each of them, as alleged herein, were outrageous,  were done in reckless and careless disregard of Plaintiff's rights, and were done intentionally, willfully, maliciously, fraudulently, and oppressively, thus entitling Plaintiff to punitive damages against the individual Defendants in an amount according to proof.

20.    As a further result of the conduct of Defendants, and each of them, Plaintiff has had

**COMPLAINT FOR DAMAGES**

to incur attorneys' fees and expenses in connection with vindicating her rights, and Plaintiff prays for

an award of reasonable attorneys' fees under all applicable statutes and legal principles.

## SECOND CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress Against All  Defendants,)

21.     Plaintiff refers to paragraphs 1 through 7 and 9 through 19 of this Complaint as though fully set forth herein.

22.     The conduct of Defendants, and each of them, as herein alleged was extreme and out-rageous and done with the intent to cause, or with reckless disregard of the probability of causing, Plaintiff to suffer emotional distress.

23.     As a direct and proximate result of Defendants' extreme and outrageous conduct, as herein alleged, Plaintiff was caused to suffer severe emotional distress, all to her detriment in amount according to proof.

24.     On or about December 12, 2007, Plaintiff filed a claim in accordance with the California Government Tort Claim Act.   Said claim was rejected by the County with notice of said action to Plaintiff on January 24, 2008.

## THIRD CAUSE OF ACTION

### (Wrongful Termination in Violation of Labor Code §1102.5 Against Defendant COUNTY)

25.     Plaintiff incorporates herein as though fully set forth each and every allegation of paragraphs 1 through 7 and 10 through 14, 18, 20 and 24 of this Complaint.

26.     Defendants made, adopted, and enforced rules and policies designed to prevent employees, including volunteers such as Plaintiff, from disclosing information to Government and Law Enforcement agencies, where the employee had reasonable cause to believe that the information disclosed a violation of State or Local Law or a violation or non-compliance with a State or Local rule or ordinance.

27.     Plaintiff, in reporting the perceived violations as set forth in paragraphs 10 through 12 above, had reasonable cause to believe that the information disclosed constituted a violation of State and County statutes, ordinances, and rules.

**COMPLAINT FOR DAMAGES**

28.     Defendants' act in terminating Plaintiff was done because she reported said violations and Defendants' wrongful conduct violated the provisions of California Labor Code §1102.5 and the public policy of the State of California as expressed in that statute.

29.     On or about December 26, 2007, Plaintiff timely filed a claim with the California Labor Board for violation of Labor Code §1102.5 and received a rejection of that claim from the Labor Board by letter dated January 7, 2008.

30.     Pursuant to California Labor Code §§1102.6 and 1105, Plaintiff is entitled to bring an action for damages as set forth in California Labor Code §1102.5.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

For all causes of action

    1.     For general damages;

    2.     For such other and further relief as this court deems proper.

For causes of action one and three

    3.     For attorneys' fees

For causes of action one and two

    4.     For punitive damages from the original defendants.

Dated: July 21, 2008                   LAW OFFICES OF ANTHONY J. POIDMORE
A Professional Law Corporation

/s/ Anthony J. Poidmore
By:_____
ANTHONY J. POIDMORE
Attorneys for Plaintiff, SUSAN WALLACE

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury.

Dated: July 21, 2008                   LAW OFFICES OF ANTHONY J. POIDMORE
A Professional Law Corporation

/s/ Anthony J. Poidmore
By:_____
ANTHONY J. POIDMORE
Attorneys for Plaintiff, SUSAN WALLACE

**COMPLAINT FOR DAMAGES**